[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON POSTJUDGMENT MOTION FOR CONTEMPT AND OBJECTION THERETO
The defendant has filed a Motion for Contempt in which she alleges that the plaintiff has failed to comply with certain provisions of a property settlement agreement incorporated by reference in the judgment of the court entered on May 24, 1994. The plaintiff has filed an objection to the defendant's Motion for Contempt in which he sets forth certain defenses.
A decree of dissolution of the parties' marriage was entered on May 24, 1994. At that time, the parties executed an agreement which provided in Article VIII for alimony in the amount of $7,916.67 per month ($95,000 per year), for additional alimony of ten percent of the plaintiff's earned income, excluding deferred compensation, in excess of Four Hundred Fifty Thousand Dollars ($450,000) up to $1 million dollars for a total alimony per fiscal year from July 1 to June 30 of One Hundred Fifty Thousand Dollars ($150,000).
The agreement further provided that in the event the plaintiff's earned income excluding deferred compensation is less than $450,000 his alimony payments shall be reduced on a pro rata basis by 21.1 percent. Proof in writing to the defendant of the plaintiff's earned income excluding deferred compensation is required by August 1 of each year if the plaintiff is not paying One Hundred Fifty Thousand Dollars per year to the defendant (Article 7.5 of the Agreement).
Defendant further alleges in her Motion for Contempt that the plaintiff has reduced the monthly payment of alimony from $7,916.67 per month to $6,000 per month, subsequently to $5,000 per month and finally to the sum of $3,000 per month.
Yet another allegation of the defendant's Motion for Contempt involves paragraph 10.1 of the parties' agreement. That provision of the agreement provided for lump sum alimony in the amount of $200,000 of which $75,000 CT Page 4439 was to be paid within one week and the balance of $125,000 to be paid $25,000 per year until fully paid. It is claimed by the defendant that there remains $75,000 of said sum which has not been paid, the payments due for August 31, 1996, August 31, 1998, and August 31, 1999.
Finally, the Motion for Contempt alleges that the plaintiff has failed to divide the household furniture, household effects, objects d'art and antiques. During the hearing, the court found that this issue had not been resolved and ordered the parties to report to the Family Relations Division for mediation. Such mediation has been successful so that this matter has been resolved.
The court finds as follows:
(a) In May 1997 the plaintiff reduced his monthly alimony payment of $7,916.67 by $1,916.67, thus reducing the monthly payments to $6,000. He continued paying $6,000 per month for the months of May 1997 through December 1997 and the following January 1998.
(b) Thereafter, the plaintiff reduced his alimony payment from $6,000 per month in February 1998 to $5,000 per month. He paid $5,000 for the months of February and March 1998.
(c) The plaintiff thereafter reduced his monthly alimony payments from $5,000 to $3,000 in April 1998. He continued paying $3,000 per month to the present time, which includes the month of December 2002. As of December 31, 2002, the plaintiff is $303,333 in arrears in alimony due to the defendant.
(d) During this period of time, the plaintiff's annual earned income excluding deferred compensation was as follows:
1997 — $ 504,773
1998 — $ 415,596
1999 — $2,304,672
2000 — $1,214,340
2001 — $1,684,372
2002 — $ 706,122 to June 19, 2002.
(e) The plaintiff has failed to pay the $25,000 payment required by CT Page 4440 Article X (b) of the agreement due August 31, 1996, August 31, 1998, and August 31, 1999. There is, therefore, owed to the defendant the sum of $50,000. Twenty-five Thousand ($25,000) Dollars was paid during the course of this hearing.
(f) There is due to the defendant additional alimony in accordance with Article VII, paragraph 7.1 in the amount of $204,557.06. The computations, payments, and arrearages are all properly set forth in defendant's exhibit 11A hereto attached.
The plaintiff claims that he and the defendant met at the Westport Motor Inn in March 1997 and reached an agreement modifying their written agreement of May 24, 1994. No writing has been introduced to evidence this agreement. In January 1999, the plaintiff began writing a restrictive endorsement on the back of his alimony checks which reads as follows: "Modified maintenance as per agreement of 5/1/97 with payee." (See defendant's exhibit 24.) Those checks and those with such a restrictive endorsement were all deposited directly into the defendant's checking account so that these checks were never endorsed by the defendant. Not only were they never endorsed by the defendant, they were never seen by her.
The plaintiff has filed an objection to the defendant's Motion for Contempt. In that objection the plaintiff claims that on March 24, 1997 the defendant agreed to accept less in periodic alimony in consideration of his agreement not to prosecute his Motion for Modification of Alimony and his Request for Child Support. There were no such motions pending at that time. The plaintiff claims to have relied upon the defendant's promises and agreement in forbearing to prosecute his motions for modification of alimony and child support. As previously noted, the plaintiff's annual income in 1997 was $504,773, $54,000 more than contemplated in the agreement of dissolution. It is the plaintiff's claim that the doctrine of equitable estoppel and laches applies to the defendant's claim of arrearage.
The plaintiff makes these claims despite the provisions of Article XIX of the parties' agreement of May 24, 1994. Paragraph 19.1 of the agreement provided, inter alia, as follows: "No modification or waiver of any of the terms of this agreement shall be valid unless in writing and executed with the same formality as this agreement." The court finds there was no such modification between the parties as required by the agreement of May 24, 1994.
The court finds the defendant made numerous requests of the plaintiff for payment of the periodic alimony owed and of the three lump sum CT Page 4441 payments owed. (See exhibits 14 and 15.) Exhibit 15A refers to an agreement reached by the parties at the Westport Motor Inn modifying the separation agreement. It is clear from exhibit 15 that the agreement in 1997 was to permit a temporary reduction of alimony payments but not to forgive any claim to the balance of these payments.
Exhibit 13 is the exhibit claimed by the plaintiff to memorialize the agreement of March 1997. This letter from the defendant refers to her consent to the regular property payment of $25,000 even though the plaintiff might have paid the whole amount of property payment balance based upon the bonus he had received that year. This letter also refers to the monthly alimony payment and states as follows:
And should you be having any concerns about the monthly amount of alimony — no matter what your income is — that minimum amount is all that I am depending on, okay? If ever you've had more income in the past than was acknowledged and that would have justified me being paid more I understand and have no problem with that. Again, the minimum is what I need. Whatever more you feel is right, I leave to your conscience.
The defendant has testified that the "minimum" to which she referred meant the minimum amount as stated in paragraph 7.1 of the Agreement, that is $7,916.67. (T. 10/29/02, p. 33-39.)
Plaintiff's counsel in his final argument argued what would clearly be the case. He stated, "If you find no agreement, I might as well pack my bags and go home." Such is the case. The court does find that there was no agreement reached by the parties modifying the original agreement of May 24, 1994. Since the court finds no agreement modifying the agreement of May 24, 1994, the court need not consider the plaintiff's claims of estoppel and laches.
The court finds the plaintiff wilfully and intentionally violated the court's orders. He clearly intended his nonpayment of the property settlement arrearage. This is true also of his failure to pay the base alimony and the additional alimony provided in the agreement. His unilateral and arbitrary reduction of the base alimony in 1997 from $7,916 per month to $6,000 per month and a reduction to $5,000 for two months in 1998 and the further reduction to $3,000 clearly indicates that there could not have been an agreement. The plaintiff wilfully and intentionally violated the court's orders regarding the base alimony and the additional alimony. Not once did he furnish the defendant with proof of his earned income as provided by paragraph 7.5 of their agreement until this litigation commenced. During all of this period, he had the CT Page 4442 ability to pay.
The court finds the plaintiff in contempt. To purge himself of contempt he shall pay to the defendant the sum of $557,890. The computation is set forth in defendant's exhibit 11a attached hereto but excluding the $25,000 paid by the plaintiff during the course of the hearings. To purge himself of contempt, the court orders that the plaintiff pay $125,000 of this arrearage on or before July 1, 2003, and the additional sum of $125,000 on or before December 31, 2003. He shall pay $125,000 on or before July 1, 2004, and the additional sum of $125,000 on or before December 31, 2004. The remaining balance shall be paid on or before July 1, 2005.
The court orders interest at the legal rate in the total amount of $95,000 to December 31, 2002. (See computation attached.) Interest shall be added to the debt due and shall be due and payable on or before July 1, 2005. Interest at the legal rate from December 31, 2002, shall run on the total sum and balances until fully paid. The original orders of the court vis-a-vis alimony shall recommence January 1, 2003.
The court has found contempt pursuit to § 46b87 of the General Statutes. Under the provisions of that statute, the court may award reasonable attorneys fees to the petitioner. Counsel for the defendant has incurred charges and disbursements totaling $47,500. The hearings lasted for four half days and a fifth day for argument. There have been 24 defendant's exhibits and four plaintiff's exhibits. The parties have filed trial briefs and reply briefs. The amount of work involved in the presentation of this matter and its defense has been extensive. The court notes that part of the time spent by defendant's counsel was spent in defending plaintiff's post dissolution motion for modification of alimony and his motion for modification of the decree regarding child support. The court finds the sum of $45,000 to be a fair and reasonable fee for prosecution of the motion for contempt. The court orders the plaintiff to pay to the defendant's counsel the sum of $45,000 on or before July 1, 2003.
The plaintiff's objection to the defendant's Motion for Contempt is overruled.
Orders shall enter in accordance with the foregoing.
 EDGAR W. BASSICK, III JUDGE TRIAL REFEREE
 Defendant's Exhibit 11a CT Page 4443 Alimony Arrears Spreadsheet as of 12/31/02 Koren vs. Koren, D.N. FA 93 0308581 S
Month 1997 1998 1999 2000 2001 2002
Totals
$ $ $ $ $ $ $
Jan 7,916.67 6,000.00 3,000.00 3,000.00 3,000.00 3,000.00
Feb 7,916.67 5,000.00 3,000.00 3,000.00 3,000.00 3,000.00
Mar 7,916.67 5,000.00 3,000.00 3,000.00 3,000.00 3,000.00
Apr 7,916.67 3,000.00 3,000.00 3,000.00 3,000.00 3,000.00
May 6,000.00 3,000.00 3,000.00 3,000.00 3,000.00 3,000.00
Jun 6,000.00 3,000.00 3,000.00 3,000.00 3,000.00 3,000.00
Jul 6,000.00 3,000.00 3,000.00 3,000.00 3,000.00 3,000.00
Aug 6,000.00 3,000.00 3,000.00 3,000.00 3,000.00 3,000.00
Sep 6,000.00 3,000.00 3,000.00 3,000.00 3,000.00 3,000.00
Oct 6,000.00 3,000.00 3,000.00 3,000.00 3,000.00 3,000.00
Nov 6,000.00 3,000.00 3,000.00 3,000.00 3,000.00 3,000.00
Dec 6,000.00 3,000.00 3,000.00 3,000.00 3,000.00 3,000.00
Total Alimony
Paid 79,666.68 43,000.00 36,000.00 36,000.00 36,000.00 36,000.00 303,333.56
Periodic Alimony
Arrears
15,333.36 52,000.04 59,000.04 59,000.04 59,000.04 59,000.04 CT Page 4444
Mr. Koren's Annual
Income
504,773 415,596. 2,304,672 1,214,340 1,684,372 806,122.97
Additional Alimony
Arrears
5,477.30 (1,532.50) 55,000.00 55,000.00 55,000.00 35,612.29 204,557.09
Propert Division
Arreare
75,000.00
TOTAL ARREARS DUE
$582,890.65
 SCHEDULE OF INTEREST COMPUTATION AT THE LEGAL RATE OF 8% SECTION 37.1(a) OF THE GENERAL STATUTES
Time Period Alimony Arrears Interest
1997 — 2002 (5 yrs.) $ 15,333 $ 6,130
1997 — 2002 (5 yrs.) $ 5,477 $ 2,190
 (additional alimony)
1998 — 2002 (4 yrs.) $ 52,000 $16,640
1999 — 2002 (3 yrs.) $ 59,000 $14,160
1999 — 2002 (3 yrs.) $ 55,000 $13,200
 (additional alimony)
2000 — 2001 (2 yrs.) $ 59,000 $ 9,440
2000 — 2001 (2 yrs.) $ 55,000 $ 8,800 CT Page 4445
(additional alimony)
2001 — 2002 (1 yr.) $ 59,000 $ 4,720
2001 — 2002 (1 yr.) $ 55,000 $ 4,400
 (additional alimony)
TOTAL INTEREST OWED ON ALIMONY $79,680
 INTEREST ON $50,000 PROPERTY SETTLEMENT
8/98 — 12/02 $25,000 — 4 yrs. 8 mos. $ 8,666
8/99 — 12/02 $25,000 — 3 yrs. 8 mos. $ 6,666
Total Interest due on Property Settlement $15,332
 TOTAL INTEREST DUE
Alimony Interest $79,680
Property Interest 15,332
Total $95,012 CT Page 4446